UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cora Scott,

    Plaintiff,

v.                                                      Case No. 19-11646

Equifax Information Services, LLC, *et al.*,      Sean F. Cox
                                                                   United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT CREST FINANCIAL SERVICES, LLC**

Plaintiff filed this action against several Defendants, including Defendant Crest Financial Services, LLC ("Crest"). The matter is currently before the Court on Plaintiff's motion seeking entry of a default judgment against Defendant Crest, which is currently scheduled to be heard by the Court on May 7, 2020. As explained below, Plaintiff is seeking $20,000 in damages based upon a declaration that has not been signed by Plaintiff. As such, the Court shall ADJOURN the hearing and DENY WITHOUT PREJUDICE this motion. Plaintiff may re-file the motion and attach a proper affidavit or declaration in support of her request.

**BACKGROUND**

Plaintiff Corla Scott ("Scott") filed suit against Equifax Information Services, LLC ("Equifax"), Crest, and People Driven Credit Union ("PDCU") in state court. Scott's Complaint alleges that each of the three named Defendants committed both negligent and willful violations of the federal Fair Credit Reporting Act.

1

On June 4, 2019, PDCU removed the case to federal court based upon federal-question jurisdiction. PDCU's Notice of Removal states that its counsel "confirmed with the Civil Clerk of the 14A-1 District Court on June 4, 2019, that they have no documents evidencing that any other Defendant in this action has been served with the Summons and Complaint. To the best of [PDCU's] knowledge, no other named Defendant in this matter has been served as of the time filing this Notice of Removal." (ECF No. 1 at PageID.2).

After the case was removed to federal court, Plaintiff's Counsel filed a proof of service indicating that Crest was served on May 23, 2019. (ECF No. 8). Nevertheless, Crest has failed to answer or appear.

On August 6, 2019, Plaintiff filed a Request for Clerk's Entry of Default as to Crest (ECF No. 14) and a Clerk's Entry of Default as to Crest was entered that same day. (ECF No. 15).

On February 7, 2020, Scott filed a Motion for Default Judgment as to Crest. (ECF No. 27). Crest has not filed anything in response to the motion. A hearing is currently scheduled for May 7, 2020.

**ANALYSIS**

In the pending motion, Scott asks the Court to enter default judgment against Defendant Crest in the amount of $20,000, plus costs and attorney's fees, to be requested later.

Once a default is entered, the plaintiff's well-pleaded factual allegations are accepted as true. A "default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)).

Under Federal Rule of Civil Procedure 55(b)(2), a district court "*may* conduct hearings or

2

make referrals . . . , when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2) (emphasis added). "This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009).

In some cases, this Court has held an evidentiary hearing to determine the appropriate amount of damages, while in others it has found affidavits or declarations submitted in support of the motion for default judgment to be sufficient.

Here, the Plaintiff has not requested an evidentiary hearing. Rather, Plaintiff asks the Court to award her damages, comprised of both damages for financial injury and emotional distress damages, based upon a declaration submitted by Plaintiff. Notably, however, Plaintiff's Counsel did not submit a properly signed and notarized affidavit or a properly signed declaration. Plaintiff's counsel merely submitted a declaration drafted for the plaintiff and then "s-slashed" the signature on the declaration. As such, this motion is not supported by a proper affidavit or declaration.

Given that deficiency, the Court shall adjourn the current hearing date on this motion and deny it without prejudice. Plaintiff may re-file the motion and submit a proper affidavit or declaration in support of it. Alternatively, Plaintiff may request an evidentiary hearing.

## CONCLUSION & ORDER

For the reasons set forth above, the Court ORDERS that the May 7, 2020 hearing is ADJOURNED and Plaintiff's Motion for Default Judgment against Defendant Crest is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 6, 2020

s/ Sean F. Cox
Sean F. Cox
United States District Court Judge